**NOT FOR PUBLICATION**                                                      **CLOSED**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

RANDY BAAHDIO,                                    Civil Action No. 11-7120 (JAP)

       Petitioner,

    v.                                              **MEMORANDUM OPINION**

STATES OF NEW JERSEY AND TEXAS,

       Respondents.

IT APPEARING THAT:

1. This matter comes before the Court upon *pro se* Petitioner's filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

2. To the extent that Petitioner brings this Petition to challenge his underlying state court conviction, he has not exhausted his remedies in state court.

3. A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective...." 28 U.S.C. § 2254(b)(1).  *See also Rose v. Lundy*, 455 U.S. 509, 515 (1982).  The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. *Granberry v. Greer*, 481 U.S. 129 (1987); *Rose*, 455 U.S. at 516–18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  *Rose*, 455 U.S. at 519.  A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state

courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings.   *See, e.g.*, *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (holding that state prisoners, in order to fully exhaust their claims, must "file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State").

4.  The Court finds that the Petition is unexhausted; therefore, the Petition will be dismissed.

5.  Further, regarding a challenge to the underlying state court conviction, it appears that such a challenge would be time-barred.

6.  There is a one year limitations period for the filing of a § 2254 habeas petition as set forth in 28 U.S.C. § 2244(d).[1]

7.  Petitioner has not provided a basis for statutory or equitable tolling.[2]

8.  Given the dates as listed in the petition, the Petition shall be dismissed as time-barred.

9.  To the extent that Petitioner wishes to challenge the computation of jail credit, that claim is more properly addressed by the filing of a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.

10. Finally, to the extent that Petitioner is no longer in custody in connection with the sentence challenged here, there is no longer a live "case or controversy" regarding Petitioner's

---

[1] In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act, which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

[2] A petitioner may be able to overcome this statutory time bar if he or she can show that the limitations period did not expire, or if he or she can show a basis for equitable tolling.   *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001); *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."   *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).

detention. *See* U.S. Constitution, Article III.   Thus, the Petition will be dismissed as moot with regard to that issue.   *See Rodney v. Mukasey*, 340 F. A'ppx 761, 764 (3d Cir. 2009).

11. Petitioner has not "made a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2) and thus the Petition will be dismissed.

12. The Court holding that no certificate of appealability will issue since jurists of reason would not find it debatable that this Court is correct in its findings.   *See* 28 U.S.C. § 2253(c)(2) (a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right").

13. Pending before the Court are six motions filed by Petitioner: Motion to be Released from Prison [ECF No. 68]; Emergency Motion for Release [ECF No. 75]; Motion for Summary Judgment [ECF No. 90]; Motion for Emergency Hearing [ECF No. 91]; Motion to Compel [ECF No. 93]; and Motion to Compel [ECF No. 104].   All pending motions will be dismissed as moot as a result of the above decision.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated: October 31, 2014